**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORETTA MILLER,**

       **Plaintiff,**

v.                                Case No:   6:18-cv-423-Orl-41GJK

**BRYAN BLANCHARD, JOSEPH DESANTOLA, RALPH MULLER, CHARLES R. BRIDGES, JR. and HOWARD L. HABER,**

       **Defendants.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **March 20, 2018** |

**THEREON** it is **RECOMMENDED** that the Court **TRANSFER** this case to the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania.

**I.**     **FACTUAL BACKGROUND**

On March 20, 2018, Plaintiff, a Florida resident proceeding *pro se*, filed a complaint (the "Complaint") against Defendants alleging claims of medical malpractice, negligence, and senior abuse. Doc. No. 1 at 1. Plaintiff also alleges violations of 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd *et seq.*; the Federal Anti-Kickback Statute, 42 U.S.C. § 1320a–7b; the federal criminal hostage taking statute, 18

U.S.C. § 1203; the First, Thirteenth, and Fourteenth Amendments to the United States Constitution; and a number of violations of Pennsylvania state law. *Id.* at ¶¶ 8, 24, 26, 44, 52-56. The gravamen of the Complaint arises from Defendants' alleged actions regarding Plaintiff's heart surgery and Plaintiff's alleged complications resulting from such surgery. *Id.* at ¶¶ 1-13. It appears that the facts giving rise to the Complaint occurred in Philadelphia, Pennsylvania. *Id.* at ¶¶ 1-13, 23, 26. Plaintiff alleges that none of the Defendants reside in Florida. *Id.* at 1-3. Plaintiff requests that a federal court hear her case because of alleged political contributions given to Pennsylvania state court judges. *Id.* at ¶ 75. Plaintiff also requests that venue lie in this district because of her disability, and because "Pennsylvania [federal courts do] not allow [for video] conferences [in] court cases." *Id.* at ¶ 76.

On March 30, 2018, Plaintiff filed a motion requesting leave to proceed *in forma pauperis* (the "IFP Motion"). Doc. No. 2. According to the IFP Motion, Plaintiff receives $1,200.00 per month in Social Security payments and $125.00 per month in welfare assistance. *Id.* at 1. Plaintiff has $25.00 in her bank account and a car worth $3,000.00. *Id.* at 2. Plaintiff's monthly expenses include $800.00 for rent, $200.00 for utilities, and $125.00 for transportation. *Id.* Plaintiff also owes $138.00 to the University of Florida. *Id.*

## II.   APPLICABLE LAW

The Supreme Court has held that the general venue statute, 28 U.S.C. § 1391, applies to federal court cases when a more specific venue statute does not apply. *Atl. Marine Const. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55, 134 S.Ct. 568, 577, 187 L.Ed.2d 467 (2013). The general venue statute provides that "[a] civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

28 U.S.C. § 1406(a) states that when a case is filed in "the wrong division or district" the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, if a case is brought in the wrong division or district, 28 U.S.C. § 1406(a) requires the Court to either dismiss the case or transfer the case to that division or district in which the case could have been brought. *Id.*

### III. ANALYSIS

Plaintiff argues that venue should lie in this district because of her disability and because Pennsylvania federal courts do not allow for video conferences. Doc. No. 1 at ¶ 76. Plaintiff's reasons, however, are unavailing because she has not shown that a more specific venue statute applies to this case, and thus, the general venue statute must apply. *Id. See also Atl. Marine Const. Co., Inc.*, 571 U.S. at 55. The statute, in relevant part, states that venue must lie in the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred …" 28 U.S.C. § 1391(b)(2).[1]

The facts giving rise to the Complaint's allegations appear to have occurred in Philadelphia, Pennsylvania. Doc. No. 1 at ¶¶ 1-13, 23, 26. Because it appears that a substantial part of the events giving rise to Plaintiff's claims occurred in Philadelphia, this Court is not the

---

[1] Plaintiff alleges that Defendants Bryan Blanchard, Joseph DeSantola, Howard Haber, and Ralph Muller reside in Pennsylvania, and Defendant Charles Bridges resides in Massachusetts. Doc. No. 1 at 1. Because Plaintiff alleges that individual defendants reside in different states, 28 U.S.C. § 1391(b)(1) does not apply.

proper venue for this case. *Id.* Instead, the proper venue lies in the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(2).

Under 28 U.S.C. § 1406(a), the Court must dismiss this case or, in the interests of justice, transfer the case to the Philadelphia Division. 28 U.S.C. § 1406(a). Considering the foregoing, it is recommended that the Court transfer this case to the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania.

### IV.   CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **TRANSFER** this case to the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 23, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy